**Craig A. Hoggan (8202)**
**Joelle S. Kesler (11213)**
**Jonathan W. Gold (15143)**
**DART ADAMSON & DONOVAN**
257 East 200 South, Suite 1050
Salt Lake City, Utah 84111
Telephone: (801) 521-6383
**Attorneys for Plaintiff AH Aero Service, LLC dba OK3 AIR ("OK3 AIR")**
choggan@dadlaw.net
jkesler@dadlaw.net
jgold@dadlaw.net

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AH Aero Service, LLC dba OK3 AIR,<br><br>Plaintiff,<br><br>v.<br><br>Heber City, a municipal corporation; Paul Boyer, an individual, in his individual and official capacity; and Denis Godfrey, an individual, in his individual and official capacity,<br><br>Defendant. | **MOTION FOR LEAVE TO KEEP HEBER CITY AND DENIS GODFREY'S SUMMARY JUDGMENT MOTIONS AND SUPPORTING EXHIBITS UNDER SEAL**<br><br>Civil No. 2:17-CV-01118-TC<br><br>Judge Howard C. Nielsen Jr.<br>Magistrate Judge Daphne A. Oberg |

Under DUCivR 5-3(2)(c), Plaintiff AH Aero Service, LLC dba OK3 AIR ("OK3 AIR") moves for leave to keep the motions for summary judgment filed by Defendants Heber City ("the City") and Denis Godfrey ("Godfrey"), and Exhibits 77, 101, 102, 103, and 106 to those motions, under seal.

A party seeking to file a document under seal (or keep the document under seal) must file a motion specifying "why the Document is privileged, protectable as trade secret, or otherwise entitled to protection under the law." DUCivR 5-3(b)(2). The motion must:

  (A) be narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection; and

  (B) state the duration of the seal; and

  (C) state the statute, rule, case law, or reason supporting the sealing of the Document . . . .

*Id.* Where the sole reason for a party's motion is that another party has designated a document as "confidential" or "attorneys' eyes only," the party must state this. *Id.* at R. 5-3(b)(2)(C)(i). If the designating party seeks to keep the document under seal, it must file a motion in accordance with the above rules within seven days of service of the other party's motion. *Id.*

  In their Motion to File their Respective Motions for Summary Judgment and Supporting Exhibits Under Seal (Dkt No. 165), the City and Godfrey moved to file their summary judgment motions (Dkt No. 162 and Dkt No. 163, respectively) and Exhibits 77, 101, 102, 103, 104, and 106 under seal. OK3 AIR does not object to Exhibit 104 being filed publicly. Moreover, OK3 AIR does not object to portions of the other documents being filed publicly. However, for the reasons discussed below, portions of the remaining documents should be redacted from the public filings and filed under seal.

  **A. The City and Godfrey's Motions**

  The City and Godfrey have highlighted numerous excerpts from their motions based on the fact that these excerpts contain citations from exhibits that OK3 AIR designated "Confidential" and/or "Attorneys' Eyes Only." Rather than seeking to keep all of these excerpts under seal, OK3 AIR has narrowly tailored this motion to seek protection of only the specific information that "is truly deserving of protection." DUCivR 5-3(b)(2)(A). OK3 AIR does not object to the entirety of Godfrey's motion for summary judgment being filed publicly. Further, subject to the exceptions discussed below, OK3 AIR does not object to the City's motion being filed publicly.

OK3 AIR does, however, object to publicly filing the highlighted portions of the City's motion discussing OK3 AIR's finances and damages. *See* Defendant Heber City's Motion for Summary Judgment (Dkt No. 162), 2–3, 7, 13–17. Those portions of the City's motion should be sealed indefinitely because they contain highly sensitive and confidential information regarding OK3 AIR's finances, profits, and losses. *See* Standard Protective Order, ¶ 2(b).

B. **Exhibit 77**

Exhibit 77 is a 2013-2018 Profit & Loss Statement that OK3 AIR originally designated as "Attorneys' Eyes Only" and was subsequently made available to the parties through a revised confidentiality designation – provided that they sign a Disclosure Agreement – and is governed by the standard protective order. Exhibit 77 should stay sealed because it contains highly competitive, sensitive, proprietary and confidential business information regarding OK3 AIR's revenue, costs, expenses, and net income. Accordingly, Exhibit 77 should remain under seal indefinitely.

OK3 AIR understands that DUCivR 5-3(b)(2)(A) requires it to narrowly tailor this motion. To comply with this requirement, OK3 AIR has redacted only narrow portions of the other exhibits at issue in this motion. However, OK3 AIR does not see a way to file any portion of Exhibit 77 publicly. All the information contained in Exhibit 77 constitute sensitive and confidential business information that cannot be disclosed to the public. *See* Standard Protective Order, ¶ 2(b).

C. **Exhibit 101**

Exhibit 101 is a copy of the expert report prepared by Jeff Kohlman, one of OK3 AIR's retained experts in this case. Portions of this document must remain under seal because they contain (1) competitive and confidential information that is the basis for Mr, Kohlman's opinions regarding OK3 AIR's enterprise value and the decrease in that value caused by Defendants' actions; and/or (2) confidential information regarding other transactions involving third parties that Mr. Kohlman relied upon in reaching his opinions in this case. *See* Standard Protective Order,

3

¶ 2(b). OK3 AIR properly designated this information as "Attorneys' Eyes Only" and it should remain under seal indefinitely.

Previously, OK3 AIR marked Mr. Kohlman's entire report as "Attorneys' Eyes Only." To narrowly tailor this motion, however, OK3 AIR has redacted only those portions of the report that are "truly deserving of protection." DUCivR 5-3(b)(2)(A). The Court should keep the redacted portions of the report under seal. The remaining portions of the report can be filed publicly.

### D. Exhibit 102

Exhibit 102 consists of portions of Volume I of Nadim AbuHaidar's deposition as OK3 AIR's Rule 30(b)(6) representative. The majority of this exhibit can be filed publicly. But portions of pages 55–58 should be redacted from the public filing and filed under seal, because they discuss an exhibit, which OK3 AIR has designated "Attorneys' Eyes Only" and which contains sensitive financial information that OK3 AIR compiled regarding additional investments and improvements it has made since 2015. The information discussed on pages 55–58 is confidential and sensitive business information. *See* Standard Protective Order, ¶ 2(b). It should be sealed indefinitely.

### E. Exhibit 103

Exhibit 103 is portions of the transcript of Nadim AbuHaidar's individual deposition. OK3 AIR does not object to the majority of Exhibit 102 being filed publicly. But portions of pages 82–100 must be sealed because they discuss a confidential Profit & Loss Statement, as well as the information therein. This information is highly sensitive and confidential business information regarding OK3 AIR's finances and business practices. *See* Standard Protective Order, ¶ 2(b). It was appropriately designated confidential and should remain under seal indefinitely.

### F. Exhibit 106

Exhibit 106 is portions of the deposition transcript of Alan Robertson, OK3 AIR's CFO. The redacted portions of Mr. Robertson's deposition should be sealed indefinitely because they

4

discuss highly sensitive, proprietary, and confidential business information regarding OK3 AIR's fuel sales, fuel margins, customers, revenue, and finances.

### Conclusion

For the above reasons, OK3 AIR respectfully asks the Court for leave to keep the City and Godfrey's motions for summary judgment (Dkt No. 162 and Dkt No. 163, respectively), and Exhibits 77, 101, 102, 103, and 106 under seal.  Consistent with DUCivR 5-3(1), OK3 AIR has filed this motion and the proposed sealed documents as separate docket entries.  In addition, OK3 AIR has served the Court and the other parties with highlighted versions of the proposed sealed documents, which highlight the specific portions of the above documents that OK3 AIR seeks to file under seal.

**DATED** this 17th day of September, 2020.

**DART ADAMSON & DONOVAN**

/s/ Joelle S. Kesler
Craig A. Hoggan
Joelle S. Kesler
Jonathan W. Gold
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served on September 17, 2020 via electronic mail on the following:

    J. Mark Smedley
    90 W 200 S STE 4
    HEBER CITY, UT 84032
    (801)654-4600
    Email: msmedley@ci.heber.ut.us

    Peter J. Kirsch
    W. Eric Pilsk
    Steven L. Osit
    KAPLAN KIRSCH & ROCKWELL LLP
    1675 BROADWAY STE 2300
    DENVER, CO 80202
    (303)825-7000
    Email: pkirsch@kaplankirsch.com
          epilsk@kaplankirsch.com
          sosit@kaplankirsch.com

    Joseph E. Wrona
    Cade Whitney
    WRONA DUBOIS PLLC
    1745 SIDEWINDER DR
    PARK CITY, UT 84060
    (435) 649-2525
    Email: wrona@wdlawfirm.com
          whitney@wdlawfirm.com

                /s/ Robyn Van Shaar