IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AH AERO SERVICE, LLC dba OK3 AIR,<br><br>Plaintiff,<br><br>v.<br><br>HEBER CITY, a municipal corporation; PAUL BOYER, an individual, in his individual and official capacity; and DENIS GODFREY, an individual, in his individual and official capacity,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' MOTIONS TO SEAL (DOC. NOS. 165, 170, 175, 177)<br><br>Case No. 2:17-cv-01118-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are (1) Defendants Heber City and Denis Godfrey's Motion to File Their Respective Motions for Summary Judgment and Supporting Exhibits under Seal ("Heber Mot. to Seal") (Doc. No. 165); (2) Defendant Paul Boyer's Motion to File Supporting Exhibits Under Seal ("Boyer Mot. to Seal") (Doc. No. 170); (3) Plaintiff AH Aero Service, LLC dba OK3 AIR's ("OK3") Motion for Leave to File Exhibits to Defendant Paul Boyer's Motion for Summary Judgment Under Seal ("OK3 Mot. to Seal") (Doc. No. 175); and (4) OK3's Motion for Leave to Keep Heber City and Denis Godfrey's Summary Judgment Motions and Supporting Exhibits Under Seal ("Second OK3 Mot. to Seal") (Doc. No. 177).  These motions concern whether certain summary judgment briefs and associated exhibits should be publicly filed or remain under seal.

## BACKGROUND

OK3 is a "full service Fixed Base Operator (FBO) located on the Heber City Municipal Airport ("Airport"), providing aircraft maintenance, ramp parking, fueling, deicing, overnight

1

hangar services, and other services." (Second Am. Compl. ¶ 9, Doc. No. 100.) OK3 alleges, among other things, that Heber City and Denis Godfrey, the current acting Airport manager (collectively, the "Heber Defendants"), as well as Defendant Paul Boyer, former acting Airport manager, have retaliated against OK3 for taking positions Heber City does not like in public settings and before the Federal Aviation Authority. (*Id.* ¶¶ 3, 4, 54.) OK3 also alleges Heber City breached material terms of a lease with OK3. (*Id.* ¶¶ 260–272.) OK3 asserts causes of action against all defendants for First Amendment retaliation under 42 U.S.C. § 1983. (*Id.* ¶¶ 245–59.) It asserts breach of contract and related equitable claims against Heber City, in addition to seeking a declaratory judgment on the meaning of certain contract terms. (*Id.* ¶¶ 260–90, 304–312.) OK3 also raises a claim of tortious interference with existing and prospective economic relations against Mr. Boyer and Mr. Godfrey. (*Id.* ¶¶ 291–303.)

The Heber Defendants filed summary judgment motions on September 10, 2010, (Doc. Nos. 162 & 163). Concurrent with this, they filed the Heber Motion to Seal based solely on OK3's designations of documents as "Attorneys Eyes Only or Confidential under the Standard Protective Order." (Heber Mot. to Seal 2, Doc. No. 165.) Likewise, Defendant Paul Boyer filed for summary judgment on September 10, 2020, (Doc. No. 169). He sought to file certain exhibits under seal based on OK3's designations. (Boyer Mot. to Seal 1–2, Doc. No. 170.) Pursuant to DUCivR 5-3(b)(2)(C)(i) and the court's September 11, 2020 order regarding the same, (Doc. No. 174), OK3 filed two motions for leave to file under seal. (OK3 Mot. to Seal, Doc. No. 175 & Second OK3 Mot. to Seal, Doc. No. 177.) In broad strokes, OK3 seeks to keep a select number of documents under seal but agrees to the public filing of certain documents in addition to providing more limited redactions of other documents. (OK3 Mot. to Seal 2, Doc. No. 175; *see also* Second OK3 Mot. to Seal 2, Doc. No. 177.)

Arguing OK3 has failed to meet its burden, the Heber Defendants and Mr. Boyer oppose the sealing of OK3's documents and the motions relying on those documents. (Def. Paul Boyer's Opp'n to OK3's Mot. for Leave to Keep Exs. Under Seal ("Opp'n to OK3 Mot. to Seal") (Doc. No. 183); *see also* Heber City's Opp'n to OK3's Mot. for Leave to Keep Heber City and Denis Godfrey's Summ. J. Mots. and Supporting Exs. Under Seal, ("Opp'n to Second OK3 Mot. to Seal") (Doc. No. 179.)

## DISCUSSION

### I. Legal Standard

The United States Supreme Court has recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). This district's filings are "presumptively open to the public" and "the sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof . . . is highly discouraged." DUCivR -5-3(a)(1). "Documents submitted by the party moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Angilau v. United States*, No. 2:16-cv-00992, 2017 U.S. Dist. LEXIS 197135, at *13 (D. Utah Nov. 29, 2017) (unpublished) (internal quotation marks omitted). However, allowing for redactions balances the interests of the public in access against the interests of the moving party in keeping confidential information sealed. *Id.* at *19, 24–25. The court may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests." *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotation marks omitted). "To overcome [the] presumption against sealing, the party seeking to seal records 'must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *Id.* (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir.

3

2011)). Notably, the moving party cannot overcome the presumption by stating only that the documents were filed under seal pursuant to a protective order governing discovery. *Id.*

OK3 argues the "real and substantial interest" standard set forth by the defendants and articulated by the Tenth Circuit runs counter to this district's local rule requiring "a showing of good cause" to seal a document. DUCivR 5-3(a)(1). (OK3's Reply Mem. Supporting its Mot. for Leave to Keep Heber City and D. Godfrey's Summ. J. Mots. and Supporting Exs. Under Seal ("OK3 Reply") 1–2, Doc. No. 182.) Viewed as a whole, however, the local rules are consistent with the Tenth Circuit presumption in favor of keeping judicial records open to the public. Under local rules, sealing court documents is "highly discouraged" and the public presumptively has "access to all" records filed with the court. *See* DUCivR 5-3(a)(1). Documents can only be sealed on motion and with a showing of "good cause." *Id.* The moving party also must "specify why the [d]ocument is privileged, protectable as a trade secret, or otherwise entitled to protection under the law." DUCivR 5-3(b)(2). OK3 claims to meet both the "good cause" standard in the local rule and "real and substantial interest" standard articulated by the Tenth Circuit, (OK3 Reply 2, Doc. No. 182), and the court considers the motions under the local rule read in harmony with Tenth Circuit precedent.

## II. Motions and Exhibits at Issue

The court analyzes the parties' arguments with respect to each document in detail below.

1. 2013-2018 Profit & Loss Statement (Exhibit 77)

The Heber Defendants filed OK3's 2013–2018 Profit & Loss Statement ("P&L Statement") under seal as Exhibit 77 to their respective summary judgment motions.[1] (*See* Jt. Redacted App'x of Evidence in Support of Heber City and Denis Godfrey's Mots. for Summ. J.

---

[1] The Heber Defendants filed Exhibit 77 under seal at Doc. No. 168. OK3 filed an identical version of Exhibit 77 under seal at Doc. No. 178-2.

4, Doc. No. 164.)  These defendants filed Exhibit 77 under seal based on OK3's designation of it as Attorneys'-Eyes Only.  (Heber Mot. to Seal 2, Doc. No. 165.)  OK 3 maintains this exhibit should remain under seal because it contains "highly competitive, sensitive, proprietary and confidential business information regarding OK3 AIR's revenue, costs, expenses, and net income."  (Second OK3 Mot. to Seal 3, Doc. No. 177.)

In opposition, the Heber Defendants argue disclosure of OK3's P&L Statement would not cause harm and the public has an interest in access.  (Opp'n to Second OK3 Mot. to Seal 4, Doc. No. 179.)  The Heber Defendants point to OK3's filing of similar financial information with the Heber City Recorder each year per the requirements of its lease with Heber City.  (*Id.*)  While OK3 files this financial information under a claim of confidentiality, Utah's Government Records Access and Management Act ("GRAMA"), Utah Code Ann. § 63G-2-101 *et seq.*, provides a mechanism by which it could be disclosed publicly.  (*Id.*)  The Heber Defendants argue disclosure is warranted because OK3's profitability and value before and after the Heber Defendants' alleged malfeasance is one of the central issues in the case.  (*Id.* at 5.)  The Heber Defendants also assert OK3 has failed to meet its burden because it provided only a generalized statement about why its P&L Statement is confidential.  (*Id.*)

In reply, OK3 reasserts that its P&L Statement contains "highly sensitive and confidential information" that it does not share with "anyone without a protective order."  (OK3 Reply 2, Doc. No. 182.)  In fact, OK3 argues it has taken such pains to protect its P&L Statement, it constitutes a trade secret.  (*Id.* at 5.)  Maintaining the confidentiality of its financial information is particularly important now, according to OK3, given that Heber City is soliciting business from a competing FBO.  (*Id.* at 2, 6.)  OK3 contends the harm it would suffer if its financial information were shared with the public and a competitor "significantly outweighs any public interest in seeing OK3 AIR's internal financial information."  (*Id*. at 2.)  OK3 also contests the

Heber Defendants' assertion that it provides its P&L statement to the Heber City Recorder. (*Id.* at 3–4.) OK3 explains its disclosure to the Heber City Recorder is much more limited and OK3 takes additional precautions to prevent public disclosure of its financial information. (*Id.*)

Profit and loss statements are precisely the type of sensitive business information that should be sealed and kept confidential under DUCivR 5-3(b)(2). Courts have consistently found profit and loss statements to be confidential and appropriately sealed. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 2:16-cv-13040, 2018 U.S. Dist. LEXIS 129168, at *12–13 (E.D. Mich. Aug. 1, 2018) (unpublished) (sealing profit and loss statement as disclosure could reveal sensitive and private information); *Feed.Ing BV v. Principle Sols. LLC*, No. 14-C-1241, 2015 U.S. Dist. LEXIS 2464, at *12 (E.D. Wis. Jan. 8, 2015) (unpublished) (summarizing cases confirming the confidential nature of profit and loss statements); *Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. 12-1267-RSM, 2013 U.S. Dist. LEXIS 49751, at *7-8 (W.D. Wash. Apr. 5, 2013) (unpublished) (finding good cause to seal confidential financial information like profit and loss statements); *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-cv-403-FL, 2013 U.S. Dist. LEXIS 35970, at *4–5 (E.D.N.C. Mar. 15, 2013) (unpublished) (ordering profit and loss statements sealed). The rationale supporting the sealing of profit and loss statements applies equally here.

Heber City's arguments to the contrary are unpersuasive. The possible disclosure of related documents under GRAMA holds no sway here, particularly where OK3 submitted its financial information to Heber City in a confidential manner. (*See* OK3 Reply 3–4, Doc. No. 182.) Moreover, GRAMA provides a process whereby OK3 can seek to prevent public disclosure of its financial records. *See* Utah Code Ann. § 63G-2-309. The fact that OK3 has filed suit against a municipality does nothing to bolster the need for public access to OK3's internal records. (*See* Opp'n to Second OK3 Mot. to Seal 3, Doc. No. 179.) After all, the

6

document at issue involves OK3's internal financial reporting; it does not reflect a public entity's "expenditures of public funds and decision-making." *Johnson v. Parchment Sch. Dist.*, No. 1:03-cv-917, 2006 U.S. Dist. LEXIS 28230, at *6 (W.D. Mich. May 5, 2006) (unpublished). Finally, while it is true OK3's profitability is critical to its contract claims against Heber City, most of Heber City's summary judgment argument related to this issue is already publicly available. (*See, e.g.*, Def. Heber City's Mot. for Summ. J. 12–19, Doc. No. 162.)

Given the limited nature of the redactions proposed by OK3, the weight of authority supporting the confidential and sensitive nature of profit and loss statements, and OK3's specific concerns about the competitive harm it would suffer if its P&L Statement were disclosed, the court finds OK3 has satisfied its heavy burden in demonstrating the P&L Statement should remain under seal. Accordingly, the court ORDERS that Exhibit 77 (filed at Doc. Nos. 168 and 178-2) shall remain under seal in its entirety.

2. Expert Report of Jeff A. Kohlman (Exhibits 101 and AA)

The report submitted by OK3's expert, Jeff A. Kohlman ("the Kohlman Report") was filed under seal as Exhibit 101 to Heber City's summary judgment motion and as Exhibit AA to Mr. Boyer's summary judgment motion.[2] (*See* Jt. Redacted App'x of Evidence in Support of Heber City and Denis Godfrey's Mots. for Summ. J. 4, Doc. No. 164; App'x of Exs. to Def.

---

[2] The Heber Defendants filed the Kohlman Report as Exhibit 101 under seal at Doc. No. 168-1. Mr. Boyer filed the Kohlman Report as Exhibit AA under seal at Doc. No. 171-2. OK3's motions to seal argue both versions should be publicly filed with identical redactions. (*See* OK3 Mot. to Seal 3, Doc. No. 175; Second OK3 Mot. to Seal 3–4, Doc. No. 177.) Consistent with this, OK3 publicly filed a redacted version of the Kohlman Report, (Ex. AA, Doc. No. 175-2), as well as a corresponding sealed version with the redacted language highlighted, (Doc. No. 176-2). However, OK3 also publicly filed a completely unredacted version of the Kohlman Report (Ex. 101, Doc. No. 177-3). As this public filing appeared to be in error, the court preemptively sealed Doc. No. 177-3 pending the entry of this order. In evaluating the substance of OK3's arguments with respect to the Kohlman Report, the court considers the redactions to the report found at Doc. No. 176-2 (sealed version) and Doc. No. 175-2 (redacted version).

7

Boyer's Mot. for Summ. J. 2, Doc. No. 169-1.) Based on OK3's designation of the Kohlman Report as Attorneys'-Eyes Only, Heber City and Mr. Boyer filed the Kohlman Report under seal. (*See* Heber Mot. to Seal, Doc. No. 165 & Boyer Mot. to Seal, Doc. No. 170.)

Pursuant to local rules, OK3 then significantly limited its proposed redactions of the Kohlman Report. (*See* OK3 Mot. to Seal 3, Doc. No. 175; Second OK3 Mot. to Seal 4, Doc. No. 177). OK3 argues limited information in the Kohlman Report should remain under seal, including (1) "competitive and confidential information" regarding OK3's "enterprise value and the decrease in that value" allegedly caused by the defendants and (2) confidential information about third-party transactions informing Mr. Kohlman's opinions. (Second OK3 Mot. to Seal 3, Doc. No. 177; *see also* OK3 Mot. to Seal 3, Doc. No. 175.)

Mr. Boyer and the Heber Defendants oppose most of OK3's proposed redactions of the Kohlman Report. (Opp'n to OK3 Mot. to Seal 4–5, Doc. No. 183; Opp'n to Second OK3 Mot. to Seal 5–6, Doc. No. 179.) Mr. Boyer argues OK3 has not articulated adequate interests to overcome the presumption of public access. (Opp'n to OK3 Mot. to Seal 4, Doc. No. 183.) Specifically, Mr. Boyer argues Mr. Kohlman's EBITDA[3] figures, redacted on pages 24 and 27 of the report, should be public. (*Id.*) He contends that "[i]f OK3 is going to accuse Mr. Boyer of actually causing economic damage and then employ novel theories of EBITDA manipulation to manufacture a damage calculation, OK3's novel damage calculation should be exposed to the public for review." (*Id.*) Next, Mr. Boyer argues a description of third-party transactions in the FBO industry on pages 25 and 26 are not confidential or proprietary. (*Id.*) According to Mr. Boyer, if Mr. Kohlman shared confidential third-party transactional information with OK3, "it is

---

[3] EBITDA stands for Earnings Before Interest, Taxes, Depreciation, and Amortization.

8

not so confidential that it cannot be shared with the public." (*Id.*)  Finally, Mr. Boyer argues the redaction of Mr. Kohlman's involvement in prior transactions lacks justification.  (*Id.* at 5.)

The Heber Defendants make similar arguments, although they differ in one important aspect: they do not object to the redaction of OK3's "'undamaged' multiple of EBITDA" given "the sensitivity of OK3's own estimate of its enterprise value." (Opp'n to Second OK3 Mot. to Seal 5, Doc. No. 179.)  But the Heber Defendants do object to sealing "the *reduction* in [OK3's] value allegedly resulting from the City's actions, expressed as a multiple of EBITDA." (*Id.*)  The Heber Defendants claim this reduction only indicates "OK3's claimed damages," which it argues the public has "a compelling right to understand." (*Id.*)

In reply, OK3 maintains that information regarding its business practices, finances, and price markups constitutes a trade secret under Utah law.  (OK3 Reply 7–8, Doc. No. 182.)  OK3 contends there is no difference in the confidential nature of OK3's "undamaged" EBIDTA multiple and the reduction in the EBITDA multiple caused by defendants' actions because disclosure of either would give prospective purchasers of OK3 a competitive advantage.  (*Id.* at 8.)  As for the redacted information on pages 25, 26, and 33 of the report, OK asserts it should remain sealed because it is non-public, confidential information Mr. Kohlman obtained from third parties subject to contractual confidentiality obligations.  (*Id.* at 8–9.)

OK3 bears a heavy burden with respect to the EBIDTA multiples because they are central to OK3's enterprise valuation damages theory.  The court finds OK3 has met this burden because the undamaged EBITDA multiple and alleged reduction in the EBITDA multiple constitute highly confidential financial information.  Even Heber City acknowledges the sensitivity of a company's EBITDA calculation.  (Opp'n to Second OK3 Mot. to Seal 5, Doc. No. 179.)  OK3 has a legitimate interest in keeping its undamaged EBIDTA multiple and the alleged reduction in the EBITDA multiple confidential because they could be used against it in future transactions.

9

(OK3 Reply 8, Doc. No. 182.) Confidential financial information is often sealed where its disclosure could cause competitive harm. *See, e.g.*, *Nixon*, 435 U.S. at 598 (explaining that "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing"); *Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished) (granting motion to seal "documents whose disclosure would harm" a party's "competitive interests"); *cf. ClearOne Communs., Inc. v. Chiang,* No. 2:07-cv-00037, 2008 U.S. Dist. LEXIS 76539 (D. Utah Oct. 1, 2008) (denying a request to reclassify a confidential expert report where portions could be used "for a competitive advantage"). Considering the limited nature of the proposed redactions and the competitive harm OK3 could suffer if this sensitive business information were disclosed, this portion of the Kohlman Report remains appropriately sealed.

Next, the court considers OK3's assertion that Mr. Kohlman's work on third-party FBO transactions is confidential pursuant to contractual disclosure limitations. (*See* OK3 Reply 8–9, Doc. No. 182.) Mr. Kohlman's obligations to third parties do constitute a real and substantial interest in keeping this information confidential. Public reporting regarding some of these transactions does not change Mr. Kohlman's duty of confidentiality. (*See* Opp'n to Second OK3 Mot. to Seal 6 & n.2, Doc. No. 179 (citing news articles regarding some FBO transactions). Disclosing third-party transaction information to a few parties in limited circumstances does not justify disclosing the same information to all. (*See* Opp'n to OK3 Mot. to Seal 4, Doc. No. 183.)

Finally, neither the Heber Defendants nor Mr. Boyer specifically object to the redactions on page 21 of the Kohlman's Report. (Opp'n to Second OK3 Mot. to Seal 5–6, Doc. No. 179; Opp'n to OK3 Mot. to Seal 4-5, Doc. No. 183.) The court finds OK3 has provided a real and substantial justification for keeping this pricing mark-up information confidential, given its

assertion that it constitutes "highly sensitive information" businesses routinely keep secret from "customers, competitors, and the public." (OK3 Reply 7, Doc. No. 182.)

For these reasons, the court finds the version of the Kohlman Report filed publicly at Doc. No. 175-2 is appropriately redacted. The court ORDERS that the unredacted versions of the Kohlman Report (filed at Doc. Nos. 168-1, 171-2, and 176-2, and 177-3) shall remain under seal.

3. Nadim AbuHaidar's 30(b)(6) Deposition (Exhibit 102)

The Heber Defendants filed portions of the transcript of the 30(b)(6) deposition of OK3 President Nadim AbuHaidar under seal as Exhibit 102 to their respective motions for summary judgment.[4] (*See* Jt. Redacted App'x of Evidence in Support of Heber City and Denis Godfrey's Mots. for Summ. J. 4, Doc. No. 164.) OK3 initially argued pages 55 through 58 of this transcript should remain sealed, as these pages refer to a confidential deposition exhibit concerning OK3's investments and improvements at the Airport since 2005. (Second OK3 Mot. to Seal 4, Doc. No. 177.) In opposition, the Heber Defendants note that only one line of the deposition refers to those investments, and they challenge whether past investments constitute sensitive information meriting protection. (Opp'n to Second OK3 Mot. to Seal 7, Doc. No. 179.) In its reply, OK3 concedes the discussion of the exhibit in the deposition is "less sensitive than the exhibit itself." (OK3 Reply 10, Doc. No. 182.) It asserts, however, that the "number on line 13 of page 58 is highly confidential, sensitive information that must not be disclosed to the public" since it constitutes the "amount of the investments OK3 AIR has made since 2005." (*Id.* at 9–10.)

---

[4] The Heber Defendants filed Exhibit 102 under seal at Doc. No. 168-2. OK3 publicly filed a redacted version of Exhibit 102, with pages 55 through 58 redacted, at Doc. No. 177-4. OK3 filed a corresponding sealed version with the redacted language highlighted at Doc. No. 178-4.

The court finds the total OK3 spent on investments since 2005 constitutes sensitive and confidential business information which should not be disclosed. Keeping confidential business information from public view constitutes a real and substantial interest. Notably, the Heber Defendants do not contend the amount of OK3's investments since 2005 is significant to their summary judgment motions; they do not cite this portion of Exhibit 102 in their motions. (*See* Def. Heber City's Mot. for Summ. J. 5, 8–9, 29–30, 34, Doc. No. 162; Def. Godfrey Mot. for Summ. J. 7, 15, 18–19, 22, Doc. No. 163.) On balance, the court finds OK3 has met its burden to seal line 13 of page 58 of Mr. AbuHaidar's 30(b)(6) deposition transcript. However, where the remaining portions of pages 55 through 58 contain generalized discussions of a confidential document but do not independently reveal confidential information, these portions should be filed publicly. (*See* 9/4/2019 Dep. of Nadim AbuHaidar (Sealed) 55:19–58:12, Doc. No. 178-4.) And because OK3 does not argue any other part of Exhibit 102 should remain under seal, the entirety of Exhibit 102 (except for line 13 of page 58) should be filed publicly.

The court ORDERS the Heber Defendants to publicly file a new redacted version of Exhibit 102 with only line 13 of page 58 redacted. The court further ORDERS that the unredacted versions of Exhibit 102 (Doc. Nos. 168-2 and 178-4) shall remain under seal.

4. Nadim AbuHaidar's Individual Deposition (Exhibit 103)

The Heber Defendants filed portions of the transcript of Nadim AbuHaidar's individual deposition under seal as Exhibit 103 to their respective motions for summary judgment.[5] (*See* Jt. Redacted App'x of Evidence in Support of Heber City and Denis Godfrey's Mots. for Summ. J. 4, Doc. No. 164.) OK3 asserts pages 82 through 100 of Mr. AbuHaidar's individual deposition

---

[5] The Heber Defendants filed Exhibit 103 under seal at Doc. No. 168-3. OK3 publicly filed a redacted version of Exhibit 102, with pages 82 through 100 redacted, at Doc. No. 177-5. OK3 filed a corresponding sealed version with the redacted language highlighted at Doc. No. 178-5.

transcript should remain under seal because they contain a discussion of OK3's P&L Statement, which is "highly sensitive and confidential." (Second OK3 Mot. to Seal 4, Doc. No. 177.) In opposition, the Heber Defendants argue Mr. AbuHaidar's vague references to OK3's P&L Statement do not justify sealing any of this exhibit. (Opp'n to Second OK3 Mot. to Seal 7, Doc. No. 179.) In reply, OK3 contends these pages include sensitive information about OK3's profitability, EBITDA, and enterprise value. (OK3 Reply 10, Doc. No. 182.) At a minimum, OK3 contends, the court should allow the sealing of parts of the transcript specifically discussing this information: namely, "83:5–84:6 (discussing [OK3's] profits from year to year), 84:24–85:16 (discussing [OK3's] EBITDA), 88:2–4 (discussing future business plans); and 98:20–100:25 (discussing [OK3's] enterprise value and EBITDA)." (OK3 Reply 10, Doc. No. 182.)

OK3 has met its burden to show a real and significant interest in keeping limited, *specific* discussions of its profitability, EBITDA, and enterprise value confidential. However, most of the deposition transcript OK3 seeks to seal does not concern this specific subject matter. For instance, some portions contain very general discussions of confidential documents. (*See, e.g.*, 6/11/2019 Dep. of Nadim AbuHaidar (Sealed) 82:12–83:4, 88:11–89:25, Doc. No. 178-5.) And much of it concerns Mr. AbuHaidar's understanding of the impact Heber City's regulations have had on his business: a critical issue in the case. (*See, e.g.*, *id.* at 84:7–19; 85:17–86:25; 90:11–94:5.) Some of the deposition excerpts relate to other commercial operators at the Airport. (*See, e.g.*, *id.* at 94:6–96:16.) And lines 88:2–4 appear to contain a joking response made by Mr. AbuHaidar, not a serious discussion of OK3's long-term business plans. (*Id.* at 88:2–4.) With respect to these excerpts and others like them, OK3 has not met its burden because the justification it sets forth for sealing the exhibit do not apply.

OK3 has only shown a real and substantial interest in keeping discussions of its P&L Statement, EBIDTA, and enterprise value confidential in lines 83:5–84:6, 84:24–85:16, and

98:20–100:25 of Mr. AbuHaidar's individual deposition. Only these excerpts should remain under seal. Accordingly, the court ORDERS the Heber Defendants to publicly file a new, redacted version of Exhibit 103 with only lines 83:5–84:6, 84:24–85:16, and 98:20–100:25 redacted. The court further ORDERS that the unredacted versions of Exhibit 103 (Doc. Nos. 168-3 and 178-5) shall remain under seal.

    5. <u>Alan Robertson's Deposition (Exhibits 106 and W)</u>

Both Heber City and Mr. Boyer filed portions of the deposition of OK3 Chief Financial Officer Alan Robertson in support of their summary judgment motions. Heber City filed certain portions of the transcript as Exhibit 106.[6] Mr. Boyer filed other portions of the transcript as Exhibit W.[7] (*See* Jt. Redacted App'x of Evidence in Support of Heber City and Denis Godfrey's Mots. for Summ. J. 5, Doc. No. 164; App'x of Exhibits to Def. Boyer's Mot. for Summ. J. 1, Doc. No. 169-1.) OK3 "withdraws its motion as to Exhibit 106" and agrees it should be publicly filed. (OK3 Reply 10, Doc. No. 182.) However, it maintains the redacted portion of Exhibit W should remain under seal. (OK3 AIR's Reply Mem. Supporting Its Mot. for Leave to Keep Exs. to Def. Paul Boyer's Mot. for Summ. J. Under Seal ("OK3 Second Reply") 3–4, Doc. No. 188.) Therefore, only the parties' arguments with respect to Exhibit W remain at issue.

OK3's Motion to Seal states that Mr. Robertson's discussion of OK3's "internal process for determining fuel prices" is "competitive, sensitive, and confidential business information" that "should not be disclosed to the public." (OK3 Mot. to Seal 2, Doc. No. 175.) In response, Mr. Boyer claims OK3 has failed to articulate a real and substantial interest in keeping Mr.

---

[6] Heber City filed Exhibit 106 under seal at Doc. No. 168-5. Exhibit 106 contains pages 1–4 and 85–96 of Mr. Robertson's deposition transcript.

[7] Mr. Boyer publicly filed a redacted version of Exhibit W at Doc. No. 169-26, as well as a corresponding sealed version at Doc. No. 171-1. Exhibit W contains pages 1–12, 217–244, and 253–264 of Mr. Robertson's deposition transcript. Mr. Boyer redacted lines 217:1–218:8 from the publicly-filed version (Doc. No. 169-26).

14

Robertson's testimony from the public because it shows "no specific calculus" for establishing fuel prices. (Opp'n to OK3 Mot. to Seal 3, Doc. No. 183.) In reply, OK3 maintains the redacted testimony should remain sealed because it addresses "the internal analysis OK3 [] performs to determine its prices and the sources that OK3 [] relies on in doing so." (OK3 Second Reply 3, Doc. No. 188.)

Even if OK3 has an imprecise and fluid method for establishing pricing, it is still the type of confidential business information deserving protection. Moreover, Mr. Boyer does not appear to rely on this portion of Mr. Robertson's testimony in support of his summary judgment motion. (*See generally* Def. Boyer's Mot. for Summ. J., Doc. No. 169.) The court finds Exhibit W contains confidential business information regarding setting fuel prices and the portions of the deposition OK3 seeks to seal are narrowly tailored. Consequently, the version of Exhibit W filed publicly at Doc. No. 169-26 is appropriately redacted. The court ORDERS that the unredacted version of Exhibit W (Doc. No. 171-1) shall remain under seal. Based on OK3's concession described above, the court further ORDERS that Exhibit 106 (Doc. No. 168-5) shall be unsealed.

      6.   Defendant Heber City's Motion for Summary Judgment

Based on OK3's designations of certain information as Confidential or Attorneys'-Eyes Only, Heber City redacted portions of its summary judgment motion, (Doc. No. 162), and filed the unredacted version under seal, (Doc. No. 166). (*See* Heber Mot. to Seal, Doc. No. 165.) OK3 moves to keep the information in the motion which is "truly deserving of protection" under seal. (Second OK3 Mot. to Seal 2, Doc No. 177.) Specifically, OK3 objects to the public filing of portions of Heber City's summary judgment motion "discussing OK3 AIR's finances and damages" because such information is "highly sensitive and confidential." (*Id.* at 3.) Heber City responds, arguing the portions of its motion at issue "do not disclose *any* details about OK3's finances or operations that could plausibly lead to a competitive disadvantage or other economic

injury." (Opp'n to Second OK3 Mot. to Seal 3, Doc. No. 179 (emphasis in original).) As such, Heber City contends OK3 has failed to articulate a real and substantial interest in shielding the motion excerpts from public view. (*Id.*) In reply, OK3 emphasizes it has narrowly tailored the information it seeks to remain under seal. (OK3 Reply 11, Doc. No. 182.)

The prior discussion of the underlying exhibits resolves most of the issues with respect to the Heber City summary judgment motion. Much of Heber City's summary judgment motion should be publicly filed because the court has ordered the public filing of the underlying documents. But the redactions in the motion associated with OK3's P&L Statement and the Kohlman Report require additional scrutiny. The redacted passages related to OK3's P&L Statement are more generalized than the underlying report, making OK3's concerns about the impact of their disclosure are less compelling. Weighed against this lesser interest is the public's presumptive ability to access court documents, an interest particularly compelling here given the dispositive nature of a summary judgment motion. *See, e.g.*, *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (stating that "[w]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches" (internal quotation marks omitted)). On balance, the court agrees with Heber City that the information OK3 seeks to redact from the summary judgment motion "merely trace[s] the contours of OK3's alleged damages . . . and provide[s] only a general description of OK3's financial condition." (Opp'n to Second OK3 Mot. to Seal 3, Doc. No. 179.) The disclosure of this generalized information does not raise the same confidentiality or competitive injury concerns associated with the underlying documents. Consequently, the court finds OK3 has not met its burden with respect to the portions of the Heber City summary judgment motion it seeks to seal based on its P&L Statement.

Next, the court considers the redactions related to the Kohlman Report. Although the redacted passages on pages 16 and 17 of the motion mention the Kohlman Report, the motion does not contain any discussion of the specific portions of the Kohlman report that will remain under seal pursuant to this order—namely, the details regarding the EBIDTA multiples and third-party transactions. For this reason, the court finds that the portions of the motion referencing the Kohlman report need not remain under seal.

Overall, the court has either ordered the public filing of the exhibits underlying the redactions in the Heber City summary judgment motion or found the information based on confidential documents sufficiently attenuated to minimize risk of competitive harm to OK3. Consequently, the court ORDERS that the unredacted version of Heber City's motion for summary judgment (Doc. No. 166) shall be unsealed in its entirety.

7. <u>Documents OK3 Agrees Can Be Filed Publicly</u>

OK3 does not object to the public filing of Mr. Godfrey's summary judgment motion and Exhibit 104 to the Heber Defendants' motions. (*See* Second OK3 Mot. to Seal 2, Doc. No. 177.) OK3 also does not object to the public filing of Exhibit BB to Mr. Boyer's Motion for Summary Judgment. (*See* OK3 Mot. to Seal 2, Doc. No. 175.) Accordingly, the court ORDERS that the unredacted versions of Mr. Godfrey's summary judgment motion (Doc. No. 167), Exhibit 104 (Doc. No. 168-4), and Exhibit BB (Doc. No. 171-3) shall be unsealed.

## CONCLUSION

In sum, the court orders the sealing of OK3's P&L Statement (Exhibit 77), portions of the Kohlman Report (Exhibits 101 and AA), portions of the 30(b)(6) deposition of Mr. AbuHaidar (Exhibit 102), portions of the individual deposition of Mr. AbuHaidar (Exhibit 103), and portions of the deposition of Mr. Robertson (Ex. W). The remaining exhibits and documents at issue should be filed publicly. As such, the court GRANTS IN PART and DENIES IN PART (1) the

Heber Motion to Seal, (Doc. No. 165), (2) the Boyer Mot. to Seal, (Doc. No. 170), (3) the OK3 Mot. to Seal, (Doc. No. 175), and (4) the Second OK3 Mot. to Seal, (Doc. No. 177).

## ORDER

1. The court ORDERS that the unredacted versions of the following exhibits shall remain under seal:

   a) Exhibit 77, OK3's 2013-2018 Profit & Loss Statement (Doc. Nos. 168 and 178-2)

   b) Exhibit 101, Expert Report of Jeff A. Kohlman (Doc. Nos. 168-1 and 177-3)

   c) Exhibit AA, Expert Report of Jeff A. Kohlman (Doc. Nos. 171-2 and 176-2)

   d) Exhibit 102, 30(b)(6) Deposition of Nadim AbuHaidar (Sept. 4, 2019) (Vol. 1) (Doc. Nos. 168-2 and 178-4)

   e) Exhibit 103, Individual Deposition of Nadim AbuHaidar (June 11, 2019) (Doc. Nos. 168-3 and 178-5)

   f) Exhibit W, Deposition of Alan Robertson (Doc. No. 171-1)

No additional action is required by the Clerk of Court with respect to these documents.

2. The court ORDERS OK3 to publicly file redacted versions of the following documents consistent with this order:

   a) Exhibit 102, 30(b)(6) Deposition of Nadim AbuHaidar (Sept. 4, 2019) (Vol. 1)

   b) Exhibit 103, Individual Deposition of Nadim AbuHaidar (June 11, 2019)

No additional action is required by the Clerk of Court with respect to these documents.

3. The court ORDERS the Clerk of Court to unseal the following documents:

   a) Exhibit 106, Deposition of Alan Robertson (Doc. No. 168-5)

   b) Defendant Heber City's Motion for Summary Judgment (Doc. No. 166)

   c) Defendant Denis Godfrey's Motion for Summary Judgment (Doc. No. 167)

    d) Exhibit 104, 30(b)(6) Deposition of Nadim AbuHaidar (Oct. 10, 2019) (Vol. II) (Doc. No. 168-4)

    e) Exhibit BB, Deposition of Jeffery Kohlman (Doc. No. 171-3)

No additional action by the parties is required with respect to these documents.

DATED this 19th day of October, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge